**FILED**

**FEB 2 3 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WILLIAM J.R. EMBREY, #87263-132
F.C.I. P.O. Box 6001
     Petitioner, Ashland, )
              KY 41105 )
     vs. )
                  )
THE UNITED STATES, )
                  )
     Respondent. )

Case: 1:15-cv-00260  (G Deck)
Assigned To : Mehta, Amit P.
Assign. Date : 2/23/2015
Description: Habeas Corpus/2241

PETITION SEEKING THE COURT'S ASSISTANCE AND
RELIEF FROM AN INJUSTICE AND FROM UNCONSTITUTIONAL
DETENTION BY THE UNITED STATES

### TABLE OF CONTENTS

| | Page |
|---|---|
| Introduction | 1 |
| Claims | 1 |
| Jurisdiction of the Court | 2 |
| Service of the petition | 2 |
| When an agency or agent or official of the United States acts for the United States that act is an act of the United States itself | 2 |
| The United States has Petitioner in detention in violation of the Second and Fourth and Fifth and Fourteenth Amendments - and in detention without proper process and proper due process of law | 4 |
| Clearly established Law | 5 |
| Free Citizens who have "felony status" are included in the right to keep and bear Arms | 6 |
| Citizens are entitled to "notice" and a meaningful hearing | 7 |
| Petitioner is constitutionally entitled to immediate release from the United States' unconstitutional detention | 9 |
| Relief requested | 9 |
| Certificate of service | 10 |

RECEIVED
Mail Room

FEB - 9 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

i

1

I

## INTRODUCTION

COMES NOW Petitioner William J.R. Embrey, a pro se Citizen of the United States seeking this Court's assistance and relief from injustice and from unconstitutional detention by the United States.

This cause is not about whether Petitioner is guilty or innocent - or about whether 18, U.S.C. § 922(g)(1) is constitution or not.

This cause here, is about the united States' detention of Petitioner a free Citizen of the United States for the simple possession of a legal firearm for home and family and self-defenses; when Petitioner had never had his pre-existing and Constitutional protected "right" to keep and bear Arms properly and Constitutionally suspended or abrogated within the protections guaranteed him by the Constitution of the United States and its first eight Amendments, known as the "Bill of Rights."

II

## CLAIMS

Petitioner asserts that the United States denied him both procedural and substantive Due Process guaranteed him by the Second and Fourth and Fifth and Fourteenth Amendments, prior to and during the United States' detention of Petitioner on December 5, 1998, and since that time, and in deprivating Petitioner of his freedom.

1



RECEIVED
Mail Room

FEB - 9 2015

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

III

JURISDICTION OF THE COURT

Petitioner invokes this Court's jurisdiction under Article I, § 9, Clause 2, and Article III, § 2 of the Constitution of the United States, and Amendments One and Two, and Four, and Five and Fourteen thereto. He also invokes 28, U.S.C. § 2241 (a) & (c)(3), and he invokes 28, U.S.C. § 1651(a) to aid this Court's judicial authority. Petitioner also invokes and brings to the Court's attention, Marbury v. Madison, 5 U.S. 137, 162-63, 180 (1803); Boyd v. United States, 116 U.S. 616, 635 (1886); Davis v. Passman, 442 U.S. 228, 242, 246 (1979); and Article VI, Clauses 2 & 3 of the Constitution of the United States .

IV

SERVICE OF THE PETITION

The United States will be represented by its Attorney General or its United States Attorneys located at the Justice Department. Therefore, service of the petition and summons and or order to answer the allegations in this petition, should be made-served at the Office of the Attorney General or the United States Attorney located at the Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

V

WHEN AN AGENCY OR AGENT OR OFFICIAL OF THE
UNITED STATES ACTS FOR THE UNITED STATES
THAT ACT IS AN ACT OF THE UNITED STATES ITSELF

The United States acts by its Legislative, its Executive, its Judicial authorities, and by its agencies or officers or agents whom its powers are exerted. It can act in no other way.

2

The Constitution of the United States proscribes: "The right
to keep and bear Arms, shall not be infringed." And, "No person
shall be deprived of life, liberty, or property, without due
process of law." And, the "No State shall make or enforce any
law which shall abridge the privileges or immunities of Citizens
of the United States; Nor shall any States deprive any person
of life, liberty, or property, without due process of law."
See the Second, Fifth and Fourteenth Amendments to the Constitution
of the United States. That Constitution also commands: This
Constitution shall be the supreme Law of the Land; and the judges
in every States shall be bound thereby; and the Senators and
Representatives, and all executive and judicial Officers, of
the United States shall be bound by Oath or Affirmation, to
support this Constitution. See Article VI, Clauses 2 & 3, of
the Constitution of the United States; Cooper v. Aaron, 358
U.S. 1, 18 (1958); Marbury v. Madison, 5 U.S. 137, 180 (1803);
United States v. Lee, 106 U.S. 196, 220 (1882); Davis v. Passman,
442 U.S. 228, 246 (1979). Therefore, this must mean that no
agency of the United States or of the officers or agents by
whom its powers are exerted, shall deny "any person" of his
or her pre-existing and Constitutional protected "right" to
keep and bear Arms for lawful home and family and self-defenses;
and shall not deny or deprive "any person" of life, liberty,
or property, without due process of law. And, whoever, by virtue
of public position under the United States denies or takes-away
"any person's" "right" to keep and bear Arms, or "right" to

3

due process of law, violates those Constitutional inhibitions, and as he or she acts in the name and for the United States and is clothed with the United States' power, her or his acts is that of the United States. This must be so, or the Constitution has no meaning. See Cooper, 358 U.S. at 17-18; Lee, 106 U.S. at 220; Marbury, 5 U.S. at 176-77, 180; Ex parte Milligan , 71 U.S. 2, 121 (1866); City of Boerne v. Flores, 521 U.S. 507, 524 (1997). "All officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." Davis, 442 U.S. at 246; Lee, 106 U.S. at 220. See also Cooper, 358 U.S. at 18.

## VI

THE UNITED STATES HAS PETITIONER IN DETENTION
IN VIOLATION OF THE SECOND AND FOURTH AND FIFTH
AND FOURTEENTH AMENDMENTS - AND IN DETENTION
WITHOUT PROPER PROCESS AND PROPER DUE PROCESS
OF LAW

### A

### FACTS

On December 5, 1998 the United States arrested and placed Petitioner in federal detention purely for the "possession" of  legal firearms. The possession of the firearms were for Petitioner's home and family and self-defenses. Prior to December 5, 1998, no State nor the United States had lawfully suspended or abrogated his pre-existing and Constitutional protected "right" to keep and bear Arms; and the files and records (or lack thereof) of both the States and the United States clearly established that fact.

4

On September 8, 1999, Petitioner by a proper defense motion
filed in the district court and properly served upon on the
United States' attorney, sufficiently gave "notice" and "notified"
both the United States and the district court that on December
5, 1998 Petitioner had a Constitutional "right" to possess his
firearms.  However, both the United States and the district
court <u>disregarded</u> Petitioner's September 8, 1999 proper "notification,"
and his defense motion for a hearing on the <u>fact</u> that he had
a Constitutional protected "right" to possess his firearms on
December 5, 1998; and the United States and the district court
<u>refused</u> to allow him his right to an open-in-court hearing on
his defense motion claims, and denied him his right to an opportunity
to put his defense forward in an effective and meaningful hearing.
Instead of allowing Petitioner his day in court, the United
States and the district court imprisoned him for 262 months
for his December 5, 1998 possession of legal firearms, under
the allegation that he had violated 18, U.S.C. § 922(g)(1),
when both the United States a the district court had full and
or constructive knowledge the Petitioner's pre-existing and
Constitutional protected "right" to keep and bear Arms had never
been Constitutionally suspended or abrogated.

<u>B</u>

<u>CLEARLY ESTABLISHED LAW</u>

"No Citizen shall be imprisoned or otherwise detained by
the United States except pursuant to an act of Congress." 18,
U.S.C. § 4001.

5

Prior to Demember 5, 1998 and to date, Congress has not
enacted any law which authorizes imprisonment for Citizens of
the United States purely for "possession" of legal firearms
for for a lawful purpose, when those Citizen HAD NOT HAD his
or her pre-existing and Constitutional protected "right" to
keep and bear Arms properly and Constitutionally suspended or
abrogated. Therefore, the United States detention of Petitioner
us unlawful, and in violation of § 4001 and the Constitution
of the United States.

<u>C</u>

FREE CITIZENS WHO HAVE "FELONY STATUS" ARE
INCLUDED IN THE RIGHT TO KEEP AND BEAR ARMS

All Constitutional guarantees extend both the the rich
and poor alike, to those with notorious reputation, as well
as to those who are models of upright citizenship. No regime
under the rule of law could comport with constitutional standards
that drew such distinctions." <u>Smith v. United States</u>, 428 U.S.
1303, 1308 (1975). <u>see also</u> <u>Ex parte Milligan</u>, 71 U.S. 2, 121
(1866); <u>Downes v. Bidwell</u>, 182 U.S. 244, 370 (1901); <u>Cummings
v. Missouri</u>, 71 U.S. 227, 320-322 (1866); <u>Wolff v. McDonnell</u>,
418 U.S. 539, 555-56 (1974).

<u>D</u>

THE RIGHTS OF THE PEOPLE

"The right of the people to keep and bear Arms, shall not
be infringed." <u>Second</u> Amendment (1791), is a pre-existing "right"
inherited from our English Ancestors, <u>Robertson v. Baldwin</u>,

6

165 U.S. 275, 281 (1897); Logan v. United States, 144 U.S. 265,
286-288 (1892); United States v. Cruikshank, 92 U.S. 542, 551-554
(1875); Cummings, 71 U.S. at 330-322; Parker v. District of
Columbia, 478 F.3d 370, 395 (D.C. Cir. 2007), affirmed, 171
L.Ed.2d 637, 648-677 (2008), premised on the private use of
Arms for hunting and self-defense, and resistance to private
lawlessness and depredations of a tyrannical government. Id.
478 F.3d at 395. Citizens have a "right" to self-defense. Bread
v. United States, 158 U.S. 550, 562-63 (1895). "The Second Amendment
protects 'the right of the people to keep and bear Arms.'" United
States v. Verdugo-Urquidez, 494 U.S. 259, 265 (1990). "The right
to keep and bear Arms" is included in and protected by the Due
Process Clause of the Constitution of the United States. See
Albright v. Oliver, 510 U.S. 266, 306-307 (1994); Planned Parenthood
v. Casey, 505 U.S. 833, 846-848 (1992); Moore v. East Cleavland,
431 U.S. 494, 501-502 (1977); Poe v. Ullman, 367 U.S. 497, 540-543
(1961). See also Malloy v. Hogan, 378 U.S. 1, 4-5, 21-23 (1964).
Therefore,

E

Any deprivation or suspension of the "right" to keep and
bear Arms, is not only punishment, but is also a deprivation
of due process of law. See, Cummings, 71 U.S. at 330-322; Malloy,
378 U.S. at 4-5, 21-23; Poe, 367 U.S. at 540-543. See also Cooper
v. Aaron, 358 U.S. 1, 16-18 (1958).

F

CITIZENS ARE ENTITLED TO "NOTICE" AND
TO A MEANINGFUL HEARING

Prior to any deprivation and or suspension and or abrogation
of a free Citizens' "right" to keep and bear Arms by the State
or by the United States, that free Citizen is constitutionally
entitled to a timely prior "notice" stating the reasons for
the intended taking-away or deprivation or abrogation of that
constitutionally protected "right," and is constitutionally
entitled to an effective and meaningful in-the-courtroom hearing
with an effective opportunity to confront the government's allegations
or reasons for its action against those free Citizen, including
Petitioner; and he is constitutionally entitled to a full
opportunity to present his own evidence and defenses. Otherwise
the deprivation and or taking-away the Citizen's (Petitioner's)
pre-existing and Constitutional protected "right" to keep and
bear Arms would be unconstitutional and tyrannical. See the
Second and Fifth and Fourteenth Amendments to the Constitution
of the United States; and Goldberg v. Kelly, 397 U.S. 254, 267-270
(1970); Grannis v. Ordean, 234 U.S. 385, 394 (1914); Armstrong
v. Manzo, 380 U.S. 545, 552 (1965); Mathews v. Eldgridge, 424
U.S. 319, 333 (1976); West Civina v. Perkins, 525 U.S. 234,
240-241 (1999); Poe, 367 U.S. at 540-543; Planned Parenthood,
505 U.S. at 846-848. Therefore if Petitioner's pre-existing
and Constitutional protected "right" to keep and bear Arms had
been constitutionally suspended or abrogated prior to December
5, 1998, under the Constitution of the United States, there
would be a clear record of that abrogation. However, there in
no such record.

8

## VII

### PETITIONER IS CONSTITUTIONALLY ENTITLED TO IMMEDIATE RELEASE FROM THE UNITED STATES' UNCONSTITUTIONAL DETENTION

Because Petitioner's pre-existing and Constitutional "right" to keep and bear Arms, had not been properly and constitutionally suspended or abrogated prior to December 5, 1998, his detention by the United States is both unconstitutional and tyrannical, and the Constitution of the United States demands his immediate release from the United States unlawful detention.

## VIII

### RELIEF REQUESTED

For the above reasons, Petitioner respectfully request this Honorable Court for the following relief:

1. An order directing the United States through its agent the Attorney General or designated Attorney to show cause within 20 days, and to answer in full the allegations herein, and in that answer, specifically produce evidence of the date and process used in the abrogation of Petitioner's right to keep and bear Arms, if the United States intends to use such as its defense;

2. Because Petitioner has established that the United States has him in detention in violation of the Constitution of the United States, Petitioner request the Court to fast-track these proceedings in order that he be released at the earliest possible date;

3. Order the United States through its agents and officials, to immediately release Petitioner from detention;

9

4. Grant Petitioner any and all other relief that he may
be entitled.

Pursuant to 28, U.S.C. § 1746, I declare and state that
the above information is true and correct.

Executed on February 2, 2015.

Respectfully submitted,

William J.R. Embrey
Pro se Petitioner
#87263-132
P.O. Box 6001
Ashland, KY 41105

CERTIFICATE OF SERVICE

I declare that a true and correct copy of the foregoing
petition was served by United States mail upon the following:

Attorney General of the United States
Office of the United States Attorney General
Department of justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

William J.R. Embrey

10